IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

SUSAN LYNN BUTT,

      Plaintiff,

v.                                                   Civil Action No. 1:15-cv-14352

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Plaintiff's Memorandum in Support of Judgment on the Pleadings (ECF No. 7), Brief in Support of Defendant's Decision (ECF No. 8) and Plaintiff's Reply to Brief in Support of Defendant's Decision (ECF No. 9).  This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for disability insurance benefits (DIB) under Title II of the Social Security Act.

### Background

Claimant, Susan Lynn Butt, filed application for DIB on August 6, 2012.  Claimant alleged disability beginning August 15, 2011.  The claim was denied initially on November 30, 2012, and upon reconsideration on January 22, 2013.  Claimant filed a request for hearing on February 1, 2013.  A video hearing was held on February 12, 2014.  Claimant appeared in Bluefield, West Virginia, and the Administrative Law Judge (ALJ) presided over the hearing from Roanoke, Virginia.  The ALJ denied Claimant's application on May 28, 2014.  The Appeals Council denied Claimant's request for review on July 2, 2015 (Tr. at 5- 7).  Subsequently, Claimant brought the

present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520 and 416.920   (2015). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* §§ 404.1520(a) and 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* §§ 404.1520(b) and 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* §§ 404.1520(c) and 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* §§ 404.1520(d) and 416.920(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* §§ 404.1520(e) and 416.920(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f) and 416.920(f)

2

(2015).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity during the period of time from her alleged onset date of August 15, 2011, through her date last insured (DLI) of March 31, 2014 (Tr. at 17).  Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of lumbar degenerative disc disease, status post pharyngeal flap transplant due to soft palate carcinoma, diverticulosis and history of substance abuse. (*Id.*)  At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 19).  The ALJ then found that Claimant had a residual functional capacity, through the date last insured, to perform the full range of sedentary work with an additional unscheduled rest room break some days (Tr. at 20). The ALJ held that through the date last insured, Claimant was capable of performing her past relevant work as a receptionist (Tr. at 23).  Therefore, the ALJ concluded that Claimant was not disabled from August 15, 2011, through the date of last insured, March 14, 2014 (Tr. at 24).

<u>Scope of Review</u>

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a

3

verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Cellebreze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

### Claimant's Background

Claimant was born on February 14, 1959. She graduated from high school (Tr. at 35). Claimant had a realtor's license. (*Id.*) Claimant is married and lives with her husband and adult son.

### The Medical Record

Claimant received treatment from Southern Highlands Community Mental Health from February 4, 2008, through October 9, 2009 (Tr. at 246-275). Claimant was treated by Ghassan Bizri, M.D. for psychiatric services and received treatment for depression and anxiety (Tr. at 255).

On April 8, 2010, James D. Brown, M.D., operated on Claimant's persistent nasal palatal fistula (Tr. at 276). Treatment records from Wake Forest Baptist Health dated November 19, 2008, through April 21, 2010, reflect that the area closed during surgery of her palatal fistula pulled apart (Tr. at 279).

Hospital records from Princeton Community Hospital dated December 27, 2007, to March 8, 2010, reflect that Dr. Bizri admitted Claimant on December 27, 2007, for thoughts of suicide to

4

hang or stab herself (Tr. at 306). Claimant was discharged on January 4, 2008 (Tr. at 309). Claimant was diagnosed with major depressive disorder, opiate withdrawal/dependence, history of palate hole secondary to smoking activities, history of chronic back pain, history of hyperlipidemia and history of amenorrhea for the past 2 years.

On August 27, 2012, neurosurgeon Abed Koja, M.D. gave Claimant an epidural block (Tr. at 543). On August 30, 2012, Philip B. Robertson, M.D., with the Psychiatric Associates of the Virginias, saw Claimant for complaints of anxiety, depression and back pain. Claimant was treated by Psychiatric Associates of the Virginias from October 5, 2011, through August 30, 2012 (Tr. at 317-322). On September 5, 2012, Claimant was seen by neurosurgeon Abed Koja, M.D. and received a epidural block (Tr. at 540). In a psychiatric diagnostic evaluation dated October 5, 2011, Dr. Robertson diagnosed Claimant as having bipolar disorder, a history of opiate dependence and nicotine dependence (Tr. at 322).

On November 16, 2012, Claimant had a follow-up office visit with neurosurgeon Dr. Koja (Tr. at 537). Claimant reported severe back pain and bilateral leg pain that was worse in the left leg. (*Id.*) Claimant described the pain as extremely severe to the point it is intolerable. Dr. Koja's neurological exam found that Claimant was "general intact except on her back, she had moderate pain with flexion and extension" (Tr. at 538). Dr. Koja's impression was lumbar spondylosis. He noted that he would give Claimant an epidural block. (*Id.*)

On November 23, 2012, Claimant was admitted to the emergency room at Bluefield Regional Medical Center for complaints of severe abdominal pain, nausea and vomiting. Thomas Brinegar, D.O. noted that Claimant has "acute cholestasis and will need further treatment for this" (Tr. at 452). Upon admission, Claimant reported taking prescriptions of Lamictal, Lortab, Neurontin, Prozac, Seroquel and Xanax. (*Id.*) Consulting Physician, Kamalesh Patel, M.D., found that an abdominal x-ray revealed "diffuse fecal debris present throughout the colon with fecal ball

suspected at the level of the rectosigmoid colon" (Tr. at 348).  Dr. Patel assessed Claimant with abdominal pain, elevated LFTs, nausea and vomiting and cholelithiasis.  (*Id.*)  Additionally, Consulting Physician Randall Lester, M.D., diagnosed claimant with symptomatic gallstones (Tr. at 350).  Dr. Lester's impression was "Cholelithiasis and possible cholecystitis.  She is going to need a laparoscopic cholecystectomy.  We are going to go ahead and put her on IVs and antibiotics and likely do her surgery in a day or so."

On December 11, 2012, Claimant had images taken of her abdomen and pelvis due to complaints of pain and gallbladder (Tr. at 497).  Neil Staib, Jr., M.D. dictated an Imaging Report that included impressions of previous cholecystectomy, colonic diverticulosis but no evidence of acute intra-abdominal or pelvic pathology.  (*Id.*)

On March 23, 2013, Claimant went to the Emergency Room at Bluefield Regional Medical Center due to experiencing diarrhea for the past 3 days with abdominal pain (Tr. at 502). Claimant was admitted to the hospital (Tr. at 499).  Prakash Khanal, M.D. reported upon admission that Claimant's diagnosis included gastrointestinal bleed, diverticulitis, depression and tobacco use. (*Id.*)  Claimant complained of blood with bowel movements (Tr. at 502).  Her fecal occult blood test was positive. (*Id.*)  Dr. Khanal's diagnosis when Claimant discharged on March 27, 2013, included diverticulitis, diarrhea, gastrointestinal bleed and bipolar. On July 9, 2013, Claimant was seen by Bluefield Gastroenterology, PLLC, regarding her diverticulitis (Tr. at 533-537).  Claimant reported frequent nausea with occasional vomiting (Tr. at 533).

On September 17, 2013, Dr. Brinegar saw Claimant for anxiety and depression (Tr. at 558). On October 17, 2013, Claimant was seen by Dr. Brinegar with complaints of abdominal pain (Tr. at 556).  A colonoscopy was scheduled for Claimant (Tr. at 536).  On December 17, 2013, Thomas E. Brinegar reported seeing Claimant for anxiety and depression (Tr. at 554).

6

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant argues that the ALJ erred by failing to include limitations to account for Claimant's pharyngeal flap transplant, which the ALJ found to be severe (ECF No. 7).  Claimant asserts that the ALJ erred at step four of the sequential analysis because he failed to sufficiently quantify what he meant by "an additional unscheduled rest room break some days."  Defendant asserts that the ALJ's hypothetical question to the vocational expert (VE) was adequate and supported by substantial evidence (ECF No. 8).

<u>Weight Afforded Medical Opinions</u>

The ALJ held:

> The undersigned has also considered and has weighed the opinion evidence in establishing the above residual functional capacity (20 CFR 404.1527; SSRs 96-2p, 96-5p, 96-6p and 06-3p).  The undersigned has considered the State agency physician's assessment that the claimant can perform light work (Exhibits 1A and 3A).  While the undersigned found the claimant [has] more exertional limitations to the sedentary level due to the gall bladder surgery and other gastrointestinal treatment performed after the State agency assessments, the undersigned gives significant weight [to] the assessments to the extent that they support the finding that the claimant has the capacity for sedentary work.  Further, the additional medical records regarding degenerative disc disease dated after the State agency physicians made their assessment does not demonstrate a significant decline in the claimant's longitudinal functioning. Further, these physicians are highly qualified physicians who are experts in the evaluation of the medical issues and disability claims (Tr. at 23).

<u>Discussion</u>

In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability.  *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2015).  Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory

diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." *Ward v. Chater*, 924 F. Supp. 53, 55 (W.D. Va. 1996); *see also*, 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2015).  The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits.  20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) (2015).  Ultimately, it is the responsibility of the Commissioner, not the court to review the case, make findings of fact, and resolve conflicts of evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  As noted above, however, the court must not abdicate its duty to scrutinize the record as a whole to determine whether the Commissioner's conclusions are rational.  *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1994).

If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6).  These factors include: (1) Length of the treatment relationship and frequency of evaluation, (2) Nature and extent of the treatment relationship, (3) Supportability, (4) Consistency, (5) Specialization, and (6) various other factors.  Additionally, the regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."  *Id.* §§ 404.1527(d)(2), 416.927(d)(2).

Additionally, Social Security Ruling 96-6p provides that findings of fact made by state agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of non-examining sources at the ALJ and Appeals Council levels of administrative review. ALJs and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions. In the present matter, the ALJ did not

8

specify any medical opinion by name.  The ALJ only stated that he considered "the State agency physician's assessment" and did not discuss or weigh any other medical and psychiatric opinions in the record including treating physician opinions.

Thus, SSR 96-6p concludes that the opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record, considering such factors as (1) the supportability of the opinion in light of the evidence in the record; (2) consistency with the record, including other medical opinions; (3) and any explanation for the opinion. *Id*.

Social Security Ruling 96-7p confirms that ALJs and the Appeals Council are required to consider findings of fact by state agency medical and psychological consultants and other program physicians and psychologists about the existence and severity of an individual's impairment(s), including the existence and severity of any symptoms. *See* 65 Fed. Reg. 11,866 (Mar. 7, 2000). While ALJs and the Appeals Council are not bound by any state agency findings, they may not ignore these opinions and must explain the weight they give to the opinions in their decisions. *Id.*

Further, "[u]nless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, non-treating sources, and other non-examining sources who do not work for us." (*Id.*)  Examples of the kinds of factors that an administrative law judge must consider when evaluating the findings of State agency medical and psychological consultants are provided in paragraph (c) of §§ 404.1527 and 416.927.

The Fourth Circuit has held that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which

evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

In the present case, the ALJ did not state how the treating or consulting opinions were consistent or inconsistent with the evidence of record.  The ALJ did not provide a logical bridge between the medical and psychiatric opinions and the residual functional capacity.  As such, the analysis is incomplete and precludes meaningful review.

<u>Conclusion</u>

For the reasons provided above, the undersigned finds that the ALJ's lack of explanation for the weight afforded to treating and consulting physician and psychiatrists' opinions renders the analysis incomplete and precludes meaningful review.  Therefore, this Court finds that the ALJ's decision is not supported by substantial evidence.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Plaintiff's Memorandum in Support of Judgment on the Pleadings (ECF No. 7), **DENY** the Commissioner's Brief in Support of the Defendant's Decision (ECF No. 8), **REVERSE** the final decision of the Commissioner and **REMAND** this case for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge David A. Faber.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the

Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  February 28, 2017

Dwane L. Tinsley
United States Magistrate Judge